**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha E. Payan; Xavier Payan, | No. CV-09-1917-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| City of Phoenix; et al, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. #25).[1] For the reasons that follow, the Court grants Defendant's Motion.

**I.   Background**

Plaintiffs allege that on or about May 11, 2009, the Defendant Phoenix Police officers entered their home and arrested them without a warrant or probable cause, thereby violating their constitutional rights. (Doc. #1 at 7; Doc. #25 at 4). Plaintiffs further allege that the police officers mistreated them and committed various torts against them. (Doc. #1 and #25). Plaintiffs proceed in this case pro se. Plaintiffs Martha Payan and Xavier Payan each filed a notice of claim with the City of Phoenix on June 5, 2009. (Doc. #26-1). Plaintiffs filed their Complaint with this Court on September 15, 2009 (Doc. #1), and their Amended

---

[1] This order addresses only the claims made against Defendants City of Phoenix and Phoenix Police Department. For purposes of this order, "Defendants" refers only to these Defendants unless otherwise noted.

Complaint on December 21, 2009 (Doc. #25). The Complaint[2] contains a Section 1983 claim for "malicious prosecution" and tort claims for gross negligence, intentional and negligent infliction of emotional distress, and false imprisonment. (*Id.*) Plaintiffs also make a claim for "retaliation." (*Id.* at 10–11). On January 13, 2010, the City of Phoenix filed its Motion to Dismiss Plaintiffs' First Amended Complaint on behalf of itself and the Phoenix Police Department. (Doc. #26).

## II. Legal Standards

### A. *Failure to state a claim*

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556, n.3 (citing 5 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE §1202, at 94–95 (3d ed. 2004)). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't Of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to "accept as true

---

[2] Plaintiffs' Amended Complaint (Doc. #25) includes by reference all allegations made in Plaintiffs' original Complaint (Doc. #1). This order will refer in text to the two documents as "the Complaint," but will cite to them individually as necessary.

- 2 -

a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

It is well established that pro se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

### B. *Failure to exhaust non-judicial remedies*

The requirement of filing a notice of claim with the state or its political subdivisions is mandatory and must be fulfilled before a Plaintiff can maintain a cause of action against them. *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990). A failure to exhaust non-judicial remedies should be treated as a matter in abatement, which is subject to an unenumerated 12(b) motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20.

///
///
///
///
///
///

**III. Analysis**

*A. Dismissal of Phoenix Police Department as a non-jural entity*

There is no consensus in the case law concerning whether police departments are jural entities[3]. *See Williams v. City of Tempe*, 2006 WL 798701 (D. Ariz.). In any event, Defendants have not applied the three part test set forth in *McClanahan v. Cochise College*, 540 P.2d 744 (Ariz. Ct. App. 1975), to determine whether the Phoenix Police Department is a jural entity. Because this issue has not been properly argued in the Motion, the Court will not address the jural entity question at this time.

*B. Dismissal of Plaintiffs' Section 1983 claim for failure to state a claim*

Count One of the Complaint is dismissed as to Defendants City of Phoenix and Phoenix Police Department. Plaintiffs do not have a valid Section 1983 claim against Defendants because Plaintiffs' Amended Complaint fails to allege that Defendants have a policy or custom which led to Plaintiffs' injuries.[4] A local government cannot be sued under Section 1983 for the actions of its employees by way of *respondeat superior*. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690–91 (1978). However, a local government can be sued under Section 1983 where that government's "policy or custom" gives rise to the injury. *Id.* at 694. The statute "plainly imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights. At the same time, that language cannot be easily read to impose

---

[3] *Pierre v. Schlemmer*, 932 F.Supp. 278, 280 (M.D. Fla. 1996); *Baldi v. City of Philadelphia*, 609 F.Supp. 162, 168 (E.D. Pa. 1985); *Reese v. Chicago Police Dep't*, 602 F.Supp. 441, 443 (N.D. Ill. 1984).

[4] In the Complaint, Xavier Payan is not listed as a plaintiff under the Section 1983 claim. However, for purposes of this Order, the Court is construing the assertion made in the Complaint that Xavier Payan was wrongfully arrested and "denied his constitutional right to liberty [and] freedom of movemnet (sic)" (Doc. #25 at 4), as a Section 1983 claim under the Fourth and Fourteenth Amendments because it seems to implicate wrongful seizure and due process concerns.

- 4 -

liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor." *Id.* at 692.

Plaintiffs allege that Defendants "contributed to the presentation of false police reports" which led to Plaintiffs' arrest. (Doc. #1 at 7). Plaintiffs further allege that their arrest "caused needless interuption (sic)" to their "right to freedom" (*Id.*) and "constitutional right to liberty [and] freedom of movemnet (sic)." (Doc. #25 at 4). The Court concludes from these allegations that Plaintiffs are basing their claim on the Fourth Amendment right to be protected against unreasonable searches and seizures, and the Fourteenth Amendment right not to be deprived of "life, liberty, or property, without due process of law."

Plaintiffs assert that "[t]he plain fact that the [officers], did not honor their oath" to serve and protect confers liability upon Defendants. (Doc. #1 at 13). This statement appears to allege that Defendants are liable merely because they employ the involved officers. The law cannot sustain such a claim. *See Monell*, 436 at 690–91. Moreover, Plaintiffs fail to allege that the Defendants had in place any policy or custom which led to Plaintiffs' alleged injuries. Plaintiffs' statement that Defendants "contributed to the presentation of false police reports" (Doc. #1 at 7) lacks any facts that would indicate a causal link between a policy of the Defendants and the alleged wrongful acts of the officers. Because Plaintiffs have not shown that their injuries were caused by any of Defendants' policies or customs, Plaintiffs' Section 1983 claim is dismissed as to Defendants City of Phoenix and Phoenix Police Department.

*C. Dismissal of Plaintiffs' tort claims for failure to comply with the Arizona Notice of Claim Statute*

Counts Two, Three, Four, and Six of the Complaint are dismissed as to Defendants City of Phoenix and Phoenix Police Department. Plaintiffs' claims for gross negligence, intentional and negligent infliction of emotional distress, and false imprisonment are tort claims arising under state law. The Arizona Notice of Claim Statute provides that anyone with a claim against a public entity must file a notice of claim with the entity within 180 days of the accrual of the cause of action. A.R.S. § 12-821.01(A). The statute also requires that

the claim state a "specific amount for which the claim can be settled and the facts supporting that amount." *Id.* The Arizona Supreme Court has held that this amount of settlement requirement must be specifically met in order for the notice of claim to preserve a plaintiff's right of action. *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 494–96 (Ariz. 2007).

Defendants attached to their Motion the notice of claim forms filled out by Plaintiffs. (Doc. #26-1). On page three of the form is a section entitled "Amount of Claim," where Plaintiffs were required to list an amount they would accept to settle their claim. (*Id.* at 4, 10). Both Plaintiffs failed to list a proposed settlement amount and left this section blank on their respective claim forms. *Id.* Plaintiffs have, therefore, failed to comply with the amount of settlement requirement of the statute. Accordingly, Counts Two, Three, Four, and Six are dismissed as to Defendants City of Phoenix and Phoenix Police Department.

### D. *Plaintiff Martha Payan's "retaliation" claim*

Count Five of the Complaint is dismissed as to Defendants City of Phoenix and Phoenix Police Department. In Count Five, Plaintiff Martha Payan makes a claim for "retaliation." (Doc. #1 at 10–11). It is unclear from the Complaint whether this claim is pled as a type of tort or whether it is intended as a further Section 1983 claim. Therefore, the Court will address both possible scenarios.

To the extent that this claim is intended to allege a tort arising under state law, it is dismissed because of Plaintiffs' failure to comply with the Notice of Claim Statute described in the preceding section. Plaintiff has failed to fulfill the amount of settlement requirement of A.R.S. § 12-821.01(A), and is therefore barred from pursuing state law claims against the City of Phoenix and Phoenix Police Department. *See Houser*, 152 P.3d at 494–96. The Court will not reach the question of whether Arizona recognizes a tort of retaliation.

To the extent that the retaliation claim was intended to address a constitutionally protected right, it is dismissed as to the City of Phoenix and Phoenix Police Department for failure to state a claim. Although Plaintiff alleges facts in support of her assertion that the police acted against her out of retaliation, she fails to cite any constitutional rights that were

violated by the police's alleged retaliatory behavior.  A claim lacking a "cognizable legal theory" is appropriately dismissed.  *See Balistreri*, 901 F.2d at 699; *Weisbuch*, 119 F.3d at 783 n.1.  Moreover, even if the Court were able to construe a valid constitutional argument from Plaintiff's retaliation claim, the claim is dismissed because Plaintiff fails to allege any custom or policy of the City of Phoenix or Phoenix Police Department that caused the officers to retaliate against her.  A local government can only be sued under Section 1983 where that government's "policy or custom" gives rise to the injury.  *Monell*, 436 U.S. at 694.  Therefore, Plaintiff Martha Payan's claim for "retaliation" is dismissed as to Defendants City of Phoenix and Phoenix Police Department.

**Accordingly,**

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. # 26) is GRANTED as to Defendants City of Phoenix and Phoenix Police Department.

DATED this 4th day of May, 2010.

James A. Teilborg
United States District Judge