OFFICE OF THE CITY ATTORNEY
GARY VERBURG, City Attorney
State Bar No. 005515
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
Telephone (602) 262-6761
law.civil.minute.entries@phoenix.gov

Denton Casey Bar No. 011421
Assistant City Attorney
Attorney for Eric S. Gunnels #8796, Chad Brouwer #8801, Nathan Jordan #8463, Janina Austin #6618, and Joseph Congero, #9302

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MARTHA E. PAYAN, an individual XAVIER PAYAN, her son,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF PHOENIX, a political subdivision of the State of Arizona, City of Phoenix Police Department, Central Precinct, Officers, 1-7, named are: Joshua R. MesQuita #8502, Timothy M. Wheeler #8727, Eric S. Gunnels #8796, Chad Brouwer #8801, Nathan Jordan #8463, Janina Austin #6618, and Joseph Congero, #9302,<br><br>Defendants. | No. CV-09-1917-PHX-JAT<br><br>DEFENDANTS PHOENIX POLICE OFFICERS ERIC S. GUNNELS; CHAD BROUWER; NATHAN JORDAN; JANINA AUSTIN; AND JOSEPH CONGERO'S MOTION TO DISMISS PLAINTIFFS' ENTIRE COMPLAINT BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED<br><br>(Assigned to the Honorable James A. Teilborg ) |

The Phoenix Attorney's Office, through undersigned counsel, on behalf of Defendants, Phoenix Police Officers Eric S. Gunnels, #8796, Chad Brouwer,

#8801, Nathan Jordan, #8463, Janina Austin, #6618, and Joseph Congero, #9302, (Defendants) hereby move this Court to dismiss Plaintiffs', Martha and Xavier Payans' (the Payans) First-Amended Complaint because it fails to state a claim upon which relief can be granted against Defendants. A review of the Payans' Complaint reveals that they have failed to satisfy the pleading standards of Rule 8 of the *Federal Rules of Civil Procedure*. Further, the Payans failed to exhaust their non-judicial remedies before filing their Complaint in this Court. Plaintiffs have not served a notice of claim on any of the Defendants for the Payans' state tort claims, as required by Arizona law. Accordingly, Defendants move this Court to dismiss Payans' entire Complaint pursuant to Rule 12(b)(6). This motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## FACTS

Defendants note that the Payans refer to specific conduct by Officer Joshua R. Mesquita in paragraphs 15, 16, and 17 of their Complaint. The Court, however, has dismissed the Complaint against Officer Mesquita and Officer Wheeler.[1] Accordingly, Defendants will focus on factual allegations that are relevant against them.

### May 11, 2009 Claim

The following information is a summary of the information from the Payans' Complaint. In the early morning hours on May 11, 2009, Defendants contacted the Payans, along with Tommy Payan, at the Payans' apartment. During this contact, Defendants, who are Phoenix Police Officers and were on

---

[1] See document 41.

2

duty, entered the Payans' apartment and arrested the Payans. Martha Payan was placed in a police car and taken to the police station. Martha Payan claims that the other, unidentified officers were searching her apartment while she was being escorted to the police car. Without identifying the specific person(s) or how the specific Defendant(s) acted, the Payans claim that the Defendants individually and collectively contributed to the presentation of false police reports in an attempt to have Martha arrested and prosecuted.

**October 4, 2009 Claim**

Defendants, Gunnels, Brouwer, Austin, along with Officers Mesquita and Wheeler were on duty and conducted a traffic stop at the Payans' apartment complex. During the traffic stop, the Payans, along with others in the complex, came out of their apartments. Officer Brouwer put a spotlight on the Payans. During this encounter, Tommie Payan and his brothers, including Xavier, were allegedly arrested. Although Xavier Payan alleges a violation for false imprisonment or false arrest against police officers, he does not identify which officers engaged in the alleged improper conduct or how the arrest was false or how there was a false imprisonment.

**Total Counts in First Amended Complaint**

The Payans' claim a total of 10 Counts arising from these two claims: one count for malicious prosecution; two counts for gross negligence; two counts for intentional infliction of emotional distress; two counts of negligent infliction of emotional distress; one count for retaliation; and two counts for false arrest. The Payans claim that all 10 Counts in their Complaint are violations of 42 U.S.C. §

3

1983.[2]

## LAW

A complaint must provide the Court with a basis for jurisdiction.[3] The complaint must also provide a "short and plain statement of the claim showing the complainant is entitled to relief."[4] It is the law that a complaint should not be dismissed unless it appears certain that the plaintiff is not entitled to relief under any of the facts in the complaint.[5] "*Pro se* complaints are to be construed liberally and may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[6] The Court, however, "may not supply essential elements of the claim that were not initially pled."[7]

Although a complaint need not provide detailed factual allegations, the pleader must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action"[8] "[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."[9] Rule 8's pleading standard "[d]emands more

---

[2] *See* Document 20.
[3] *Federal Rules of Civil Procedure,* Rule 8.
[4] *Federal Rules of Civil Procedure,* Rule 12(b)(6); *Bell Atlantic Corp. v. Twombly* 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (U.S., 2007)(quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957).
[5] *Halet v. Wend Investment Co.,* 672 F.2d 1305, 1309 (9th Cir.1982).
[6] *Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (citation and internal quotation marks omitted).
[7] *Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir.1982).
[8] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 1959 (2007).
[9] *Spreewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001).

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10]  In order to state a § 1983 claim, a plaintiff must allege that a right secured by the Constitution or a United States' law was violated and that the violation was committed by someone acting under color of state law.[11]  The Payans' Complaint[12] makes no attempt to comply with Rule 8's pleading standard in any of the ten counts.  In sum, the Payans' Complaint is nothing more than naked legal assertions, bereft of sufficient factual support, alleging that Defendants have committed federal torts against Martha and Xavier Payan.[13]

### A. Martha Payan Fails to State a Valid Claim Upon Which Relief Can Be Granted for Malicious Prosecution.

Martha Payan claims that her constitutional rights were violated under a malicious prosecution theory giving rise to a § 1983 claim.  She does not identify the Defendants that allegedly committed the § 1983 violation.  Instead, she claims that Defendants collectively and individually committed the violation.  Although Martha Payan has alleged that the officers individually and collectively contributed to the presentation of false reports in an attempt to her have her prosecuted, she fails to identify which specific Defendant Officer engaged in this conduct.  The Complaint does not identify any falsified evidence, how the Defendants falsified the reports, or what particular constitutional right was

---

[10] *Ashcroft v. Iqbal,*129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 550). *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[11] *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988);. *Long v. County of Los Angeles*  442 F.3d 1178, 1185 (9th Cir.,2006).
[12] *See* Document 1 and 25.
[13] *See* Document 20.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

deprived by Defendants.  If the alleged violation was committed by all of the Defendants, Martha Payan fails to describe what exactly each Defendant did to contribute to the presentation of a false police report to have her prosecuted.

To state a valid claim, a plaintiff must alleged that he or she suffered a specific injury because of the specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.[14] Conclusory allegations against a group of Defendants are insufficient to state a claim.[15]  Martha Payan's conclusory statements against Defendants are insufficient to state a valid claim.

The general rule in this Circuit is that a malicious-prosecution claim is not available under § 1983 if there is a state remedy.[16]  Arizona provides a state remedy for malicious prosecution.  The four elements of malicious prosecution under Arizona law are "(1) A criminal proceeding instituted or conducted by defendant against the plaintiffs; (2) The termination of the proceedings in favor of the accused; (3) The absence of probable cause from the proceeding; and (4) The presence of malice, or a primary purpose other than that of bringing an offender to justice."[17]

Martha Payan fails to allege any of the four elements of malicious prosecution in the Complaint.  In fact, the Payans fail to allege that either one

---

[14] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).
[15] *Rizzo v. Goode,* 423 U.S. 362, 371-72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).
[16] *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987)
[17] *Lantay v. McLean*, 2 Ariz.App. 22, 406 P.2d 224 (1965)(citing Prosser, Law of Torts § 98).

was even criminally prosecuted.  Also absent from the Payans' Complaint are allegations describing how the alleged malicious prosecution (even assuming one existed) was instituted with the intent to subject them to a denial of their constitutional rights.  Martha Payan fails to meet the pleading standards for either a § 1983 claim or a valid state law claim even under the generous pleading standards accorded *pro se* plaintiffs.[18]

However, there are exceptions to the Circuit's general rule to permit a § 1983 claim for malicious prosecution.  "[A]n exception exists to the general rule when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to a denial of constitutional rights."[19]  Plaintiffs fail to offers any of the elements of malicious prosecution in her suit.  They have therefore failed to provide the Court with a claim for relief for malicious prosecution under a § 1983 theory.

B. **The Payans Fail to Provide a Claim Upon Relief Can be Granted for § 1983 Violations in Any of the Remaining Nine Counts.**

Although the Payans only categorize count one for malicious prosecution as a § 1983 action, the Payans maintain that all of their claims arise as federal torts under § 1983.[20]  The Payans are therefore required to allege the right(s) secured by the Constitution or a United States' law that was violated and that the

---

[18] *Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (citation and internal quotation marks omitted).
[19] *Bretz v. Kelman,* 773 F.2d 1026, 1031 (9th Cir.1985) (en banc).
[20] See Document 27.

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

violation was committed by someone acting under color of state law.[21] A cursory review of the Complaint reveals that they have not identified what constitutional right or other legal right that has been violated in any one count of their ten-count complaint. Further, the Payans have failed to provide more than labels and conclusions, without even a formulaic attempt at the recitation of elements of a cause of action. Accordingly, the Payans have failed to provide a claim upon which relief can be granted for a § 1983 violation in any count of their ten-count complaint.[22]

### C.  The Payans Have Failed to Comply With the Arizona Claims Statute for Any of Their State Tort.

Although the Payans have attempted to categorize all of the claims as § 1983 violations[23], it appears that the ten counts are actually tort claims under Arizona law for malicious prosecution, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, retaliation and false arrest. The Payans' Complaint, however, reflects little more than labels and conclusions, without any attempt at even a formulaic recitation of the elements of their causes of action.

A review of the Payans' Complaint reveals that the Payans are barred from any claim against the Defendants because the Payans failed to exhaust non-judicial remedies by serving any of the Defendants with a notice of claim. Under

---

[21] *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988);. *Long v. County of Los Angeles* 442 F.3d 1178, 1185 (9th Cir.,2006).
[22] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545, 127 S.Ct. 1955, 1959 (2007).
[23] *See* Document 27.

8

Arizona law, when a person asserts claims against a public entity and public employee, the claimant "must give notice of the claim to both the employee individually and to his employer."[24] Failure to comply with the statute is not cured by actual notice or substantial compliance.[25] Rather, a plaintiff's failure "'bars any claim' against the entity or employee."[26]

Here the Payans failed to serve a notice of claim on any of the Defendants. Defendants attach an affidavit from each in which they state that they have not received a notice of claim from the Payans for any of the events described in the Complaint.[27] The failure of a plaintiff to file a notice of claim is treated in this Circuit as an abatement for failure to exhaust non-judicial remedies, which is subject to an unenumerated Rule 12(b) motion to dismiss.[28] The Court may look outside the pleadings in deciding disputed issues of fact when considering a motion to dismiss for failure to exhaust non-judicial remedies.[29] Defendants' affidavits demonstrate that they were never served for a notice of claim for any of

---

[24] *Crum v. Superior Court*, 186 Ariz. 351, 352, 922 P.2d 316, 317 (App.1996).
[25] *Falcon ex rel. Sandoval v. Maricopa County*, 213 Ariz. 525, ¶ 10, 144 P.3d 1254, 1256 (2006).
[26] *Salerno*, 210 Ariz. 586, ¶ 7, 115 P.3d at 628, *quoting W. Corrs. Group, Inc. v. Tierney*, 208 Ariz. 583, ¶ 7, 96 P.3d 1070, 1072 (App.2004). *Harris v. Cochise Health Systems* 2007 WL 1747888, 7 (App.2007) (when a claim is asserted against a public employee and his or her employer, the claimant "must give notice to both the employee individually and to his employer, *quoting Crum v. Superior Court*, 922 P.2d 316, 317 (App.1996).
[27] See Exhibits 1-5, containing affidavits from Defendants wherein they swear that they have not received a notice of claim from the Payans for any of the events arising out their Complaint.
[28] *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003).
[29] *Wyatt v. Terhune,* 315 F.3d 1108, 1119-20 (9th Cir. 2003).

9

the incidents described in the Complaint. Accordingly, the Payans are barred from asserting any state claim against Defendants under Arizona law.[30]

## CONCLUSION

The Court should dismiss the Payans' ten-count Complaint against Defendants because the Payans have failed to provide the Court with a claim for which relief can be granted. As the Court considers their claimed § 1983 violations, it is apparent that the Payans have failed to meet the pleading standards for a valid cause of action pursuant to Rule 8. The Payans never describe what constitutional or legal right that was violated by Defendants. Instead, the Complaint is filled with labels and conclusions without even a bare bones attempt to allege facts that fit any of the elements for either a § 1983 violation or state tort violation. But even if the Court were to determine that the Complaint provides a basis for a state tort violation, the Payans are barred from any relief. The Payans failed to comply with the Arizona claims statute because they never served Defendants with the mandated notice of claim. For these reasons, the Court should grant Defendant's Motion to Dismiss the Payans' entire Complaint.

…

…

---

[30] *Salerno*, 210 Ariz. 586, ¶ 7, 115 P.3d at 628, *quoting W. Corrs. Group, Inc. v. Tierney*, 208 Ariz. 583, ¶ 7, 96 P.3d 1070, 1072 (App.2004). *Harris v. Cochise Health Systems* 2007 WL 1747888, 7 (App.2007) (when a claim is asserted against a public employee and his or her employer, the claimant "must give notice to both the employee individually and to his employer, *quoting Crum v. Superior Court*, 922 P.2d 316, 317 (App.1996).

OFFICE OF THE CITY ATTORNEY
200 West Washington, Suite 1300
Phoenix, Arizona 85003-1611
(602) 262-6761

RESPECTFULLY SUBMITTED this 17th day of May, 2010.

GARY VERBURG, City Attorney


By      /S/DENTON CASEY
Denton A. Casey
Assistant City Attorney
200 West Washington, Suite 1300
Phoenix, Arizona  85003-1611
Attorneys for Defendants Eric S. Gunnels #8796, Chad Brouwer #8801, Nathan Jordan #8463, Janina Austin #6618, and Joseph Congero, #9302

CERTIFICATE OF SERVICE

I hereby certify that on May 17th, 2010, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and mailed via U.S. Mail to:

Martha Payan
1022 North 22nd Place, Apt. #6
Phoenix, AZ  85006
Plaintiff Pro Per

Xaiver Payan
1022 North 22nd Place, Apt. #6
Phoenix, AZ 85006
Plaintiff Pro Per

I hereby certify that on May 17th, 2010, I served the forgoing document by U.S. Mail on the following:

Honorable James A. Teilborg
U.S. District Court
Sandra Day O'Connor U.S. Courthouse
401 West Washington Street, SPC 51
Phoenix, AZ 85003-2153


By  /s/A. Valenzuela
DAC:AV862164_1.DOC