**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha E. Payan; Xavier Payan,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>City of Phoenix; et al.,<br><br>　　　　　Defendants. | No. CV 09-1917-PHX-JAT<br><br>**ORDER** |

In this Court's order of May 4, 2010, at footnote 2, the Court stated the following:

> Plaintiffs' Amended Complaint (Doc. #25) includes by reference all allegations made in Plaintiffs' original Complaint (Doc. #1). This order will refer in text to the two documents as "the Complaint," but will cite to them individually as necessary.

Doc. #40.

Obviously for purposes of considering the City of Phoenix and the Phoenix Police Department's motion to dismiss, the Court allowed Plaintiffs to incorporate by reference their prior complaint. However, typically incorporation by reference of prior complaints not permitted. Specifically,

> "An amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be 'complete in itself without reference to the prior or superceded pleading;' Local Rule 15-220."

*Dowdy v. Raman*, 2008 WL 1901330, *3 (E.D. Cal. 2008). The District of Arizona's Civil Local Rules are consistent with *Dowdy*. L.R.Civ. 15.1 ("The proposed amended pleading is not to incorporate by reference any part of the preceding pleading, including exhibits.").

In this case, because the Court gave Plaintiffs the benefit of the allegations in both complaints in considering the City of Phoenix and the Phoenix Police Department's motion to dismiss, the Court will not amend the prior Order. However, going forward in this case, the Court will hold Plaintiffs to the Local Rules, and will treat the amended complaint as completely superseding the original complaint. Further, to the extent the May 4, 2010 Order implied that in this or any other case the Court would not require the parties to comply with the Local Rules, that implication in the Order is specifically rejected.

Accordingly,

**IT IS ORDERED** that for purposes of considering the motion to dismiss filed by Austin, Brouwer, Congero, Gunnels, and Jordan, the Court will consider only the claims and allegations preserved in the Amended Complaint (Doc. #25). If Plaintiffs wish to proceed on claims or allegations from the original complaint, Plaintiffs must file a motion to amend and, consistent with Local Rule Civil 15.1 attach the proposed amended complaint. Again, this proposed amended complaint must not incorporate by reference any of the prior complaints.

DATED this 10th day of June, 2010.

James A. Teilborg
United States District Judge