**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha E. Payan et al., | ) No. CV-09-1917-PHX-JAT |
| Plaintiffs, | ) **ORDER** |
| vs. | ) |
| City of Phoenix et al, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (Doc. # 47) filed by Defendants Phoenix Police Officers Eric S. Gunnels, Chad Brouwer, Nathan Jordan, Janina Austin and Joseph Congero (collectively, "Defendants").[1]  For the reasons that follow, Defendants' Motion to Dismiss is granted in part and denied in part.

//

//

---

[1] This order addresses only the claims made against Defendants Eric S. Gunnels, Chad Brouwer, Nathan Jordan, Janina Austin and Joseph Congero. For purposes of this order, "Defendants" refers only to these Defendants unless otherwise noted. Defendants City of Phoenix and Phoenix Police Department were dismissed from this action for failure to state a claim upon which relief may be granted (Doc. # 40), and Defendants Joshua R. Mesquita and Timothy M. Wheeler were dismissed for failure to be timely served (Doc. # 41).

## I.     Background

Plaintiffs Martha E. Payan and her son, Xavier Payan (hereinafter, "Plaintiffs") allege that on or about October 4, 2009, Defendants Eric S. Gunnels, Chad Brouwer and Janina Austin[2] entered their apartment complex for a traffic stop and arrested Plaintiffs and Tommie Payan. (Doc. # 25 at pp. 3–4.) Plaintiffs allege that Defendants mistreated them and committed various torts against them. (*Id.*) Plaintiffs proceed in this case pro se.

Plaintiffs each filed a notice of claim with the City of Phoenix on June 5, 2009, regarding an incident that occurred on May 11, 2009. (Doc. #26-1.) Plaintiffs filed a Complaint regarding the alleged May 11, 2009 incident on September 15, 2009 (Doc. # 1), and filed an Amended Complaint on December 21, 2009 regarding the alleged October 4, 2009 incident (Doc. # 25). The Amended Complaint alleges tort claims for malicious prosecution, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, retaliation, and false imprisonment (Doc. # 25 at p. 4), as well as a claim that Plaintiff Xaiver Payan's civil rights were violated (*Id.*).

On January 13, 2010, the City of Phoenix filed a Motion to Dismiss Plaintiffs' First Amended Complaint on behalf of itself and the Phoenix Police Department. (Doc. # 26.) The Court granted the motion on May 4, 2010. (Doc. # 40.) On May 5, 2010, the Court dismissed Joshua R. Mesquita and Timothy M. Wheeler from this action for Plaintiffs' failure to serve the parties within the time limits in Federal Rule of Civil Procedure 4(m) as extended by the Court. (Doc. # 41.)

On May 17, 2010, the remaining five Defendants filed the pending Motion to Dismiss. (Doc. # 47.) Defendants move to dismiss the Amended Complaint in its entirety for failure to state a claim upon which relief can be granted. In connection with this Motion, the Court issued an order clarifying the treatment of Plaintiffs' Amended Complaint. (Doc. # 48.) The Court stated that, in accordance with the District of Arizona's Local Rules of Civil

---

[2] Defendants Joshua R. Mesquita and Timothy M. Wheeler also were allegedly present during the October 4, 2009 incident; however, these parties have already been dismissed from this action (Doc. # 41).

1  Procedure, the Court "will treat the amended complaint as completely superseding the
2  original complaint," and "will consider only the claims and allegations preserved in the
3  Amended Complaint." (*Id.*)  The Court informed the Plaintiffs that if they "wish to proceed
4  on claims or allegations from the original complaint, Plaintiffs must file a motion to amend."
5  (*Id.*)  Plaintiffs have not filed a motion to amend their complaint a second time.  Accordingly,
6  the Court will consider only the claims and allegations set forth in the Amended Complaint,
7  and will not incorporate the Complaint into the Amended Complaint.

**II.    Legal Standards**

   *A.    Failure to State a Claim*

To survive a Federal Rule of Civil Procedure 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly*, 550 U.S. at 556 n.3.  "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *Schneider v. Cal. Dep't Of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  "The focus of any Rule 12(b)(6) dismissal—both in the trial court and on appeal—is the complaint." *Id.*

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to "accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Although a complaint attacked for failure to state a claim does not need detailed

factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). Dismissal is appropriate where the complaint lacks either a cognizable legal theory or facts sufficient to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

It is well established that pro se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

    *B.   Failure to Exhaust Non-Judicial Remedies*

"A claimant who asserts that a public employee's conduct giving rise to a claim for damages was committed within the course and scope of employment must give notice of the claim to *both* the employee individually and to his employer." *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996) (citing *Johnson v. Superior Court*, 763 P.2d 1382, 1384 (Ariz. Ct. App. 1988). The statute authorizing claims against public employees provides, in relevant part:

> Persons who have claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. The claim shall contain facts sufficient to permit the public entity or public employee to understand the basis upon which liability is claimed. The claim shall also contain a specific amount for which the claim can be settled and the facts supporting that amount. Any claim which is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon.

A.R.S. § 12-821.01(A). These statutory requirements serve "to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Falcon ex rel. Sandoval v. Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) (quoting *Martineau v. Maricopa*

- 4 -

1 *County*, 86 P.3d 912, 915–16 (Ariz. Ct. App. 2004)). Claims that do not comply with the
2 statute are barred and no action may be maintained. A.R.S. § 12-821.01.

3     A failure to exhaust non-judicial remedies should be treated as a matter in abatement,
4 which is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt v. Terhune*, 315
5 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for failure to exhaust non-
6 judicial remedies, the court may look beyond the pleadings and decide disputed issues of
7 fact. *Id.* at 1119–20.

8 **III.   Analysis**

9     *A.   Plaintiffs' Section 1983 Claims*

10     Plaintiffs appear to allege only one claim for violation of constitutional rights in the
11 Amended Complaint, which claim concerns the arrest of Plaintiff Xavier Payan. The
12 Amended Complaint states that "Plaintiff, Xavier Payan, was unjustly detained, and also
13 arrested, he was denied his constitutional right to liberty, freedom of movement, and his
14 pursuit of happiness." (Doc. # 25 at p. 4.) The Court concludes from these allegations that
15 Plaintiffs are basing their claim on the Fourth Amendment right to be protected against
16 unreasonable searches and seizures, and the Fourteenth Amendment right not to be deprived
17 of "life, liberty, or property, without due process of law."

18     In order to state a claim under 42 U.S.C. § 1983, "a plaintiff must allege the violation
19 of a right secured by the Constitution and laws of the United States, and must show that the
20 alleged deprivation was committed by a person acting under color of state law." *West v.*
21 *Atkins*, 487 U.S. 42, 48 (1988). Plaintiffs sought to fulfill the first requirement by alleging
22 a violation of Plaintiff Xavier Payan's constitutional rights under what the Court has
23 concluded are the Fourth Amendment and the Fourteenth Amendment.

24     With respect to the second requirement, "a public employee acts under color of state
25 law while acting in his official capacity or while exercising his responsibilities pursuant to
26 state law." *Id.* at 50. Plaintiffs allege that Defendants "falsified their police reports, in order
27 to make arrests." (Doc. # 25 at p. 4.) Plaintiffs also allege: "These rogue police officers,
28 from Central Precinct, did violate Plaintiff, Xavier Payan's Civil Rights, as Law provides.

- 5 -

These officers submitted falsified evidence, in order to obtain an arrest, of Plaintiff, Xavier Payan." (*Id.*) As alleged in the Amended Complaint, Defendants Eric S. Gunnels, Chad Brouwer and Janina Austin were the police officers present during the October 4, 2009 incident that allegedly gave rise to the violation of Plaintiff Xavier Payan's civil rights.

Accordingly, the Court finds Plaintiffs have stated claim under Section 1983 against Defendants Eric S. Gunnels, Chad Brouwer and Janina Austin with respect to the alleged arrest of Plaintiff Xavier Payan. With respect to Defendants Nathan Jordan and Joseph Congero, Plaintiffs have not alleged that these parties were present during the October 4, 2009 incident. Therefore, dismissal of any Section 1983 claims against Defendants Nathan Jordan and Joseph Congero is appropriate.

Plaintiffs have failed to state a claim under Section 1983 with respect to Plaintiff Martha E. Payan, because the Amended Complaint is devoid of any allegations with respect to a violation of her constitutional rights during the alleged October 4, 2009 incident.

In the Amended Complaint, Plaintiff Martha E. Payan alleges one count of "retaliation." (Doc. # 25 at p. 4.) It is unclear from the Complaint whether this claim is pled as a type of tort or whether it is intended as a Section 1983 claim. Plaintiffs do not allege any facts or legal theories in support of the allegation. A claim lacking a "cognizable legal theory" is appropriately dismissed. *See Balistreri*, 901 F.2d at 699. To the extent the retaliation claim was intended to address a constitutionally protected right, it is dismissed for failure to state a claim. If the retaliation claim is pled as a type of tort, then the claim is subject to dismissal for the failure to comply with the Arizona notice of claim statute, as discussed below.

*C. Dismissal of Plaintiffs' Tort Claims for Failure to Comply with the Arizona Notice of Claim Statute*

Plaintiffs' claims for malicious prosecution, gross negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, retaliation, and false

1 arrest/false imprisonment are tort claims arising under state law.[3] The Arizona notice of 2 claim statute provides that anyone with a claim against a public employee must file a notice 3 of claim with the public employee within 180 days of the accrual of the cause of action. 4 A.R.S. § 12-821.01(A).

Defendants have moved to dismiss the state law claims asserted against them on the ground that Plaintiffs have failed to comply with Arizona's notice of claim statute. Defendants argue that Plaintiffs were required to file a notice of claim with each Defendant, and that Plaintiffs' failure to comply with the notice of claim statute bars their state law claims. In support of the Motion to Dismiss, Defendants attached separate affidavits, executed by each Defendant. The Court is permitted to review Defendants' affidavits when considering a motion to dismiss for failure to exhaust non-judicial remedies. *Wyatt*, 315 F.3d at 1119–20. Each affidavit states that the particular Defendant had "not received a notice of claim as required pursuant to A.R.S. § 12-821.01(A) from Martha or Xavier Payan for any event described in the First Amended Complaint." (Doc. # 47-1 at ¶ 2.) Plaintiffs do not contend that they served Defendants with notices of claim personally or by mail.

As stated above, the failure of Plaintiffs to serve each Defendant with a notice of claim is subject to an unenumerated Rule 12(b) motion to dismiss. *Wyatt*, 315 F.3d at 1119. Defendants have maintained, and Plaintiffs have not contested, that they were never served with a notice of claim regarding the incidents alleged in the Amended Complaint. Therefore, the Court grants Defendants' Motion to Dismiss with respect to the state law claims alleged by Plaintiffs.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Entire Complaint (Doc. # 47) is GRANTED in part with respect to dismissal Plaintiffs' state law claims, GRANTED in part with respect to the dismissal of Defendants Nathan Jordan and Joseph

---

[3] The Arizona notice of claim statute applies only to state law claims, and does not apply to the Section 1983 claim.

1  Congero from this action, and DENIED in part with respect to Plaintiff Xavier Payan's
2  Section 1983 claim for violation of the Fourth and Fourteenth Amendments by Defendants
3  Eric S. Gunnels, Chad Brouwer and Janina Austin.
4      DATED this 4th day of November, 2010.

                                                         James A. Teilborg
                                                  United States District Judge